# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT COLUMBIA

TYRONE PARKS,

    Plaintiff

v.

AARON ROCHELLE,

    Defendant

---

## COMPLAINT
---

The Plaintiff, Tyrone Parks, brings suit against the Defendant as follows:

## INTRODUCTION

1) This case is about an arrest for Driving Under the Influence, where the Defendant was later proven to have no drugs or alcohol detected in his blood.

## THE PARTIES

2) The Defendant, Tyrone Parks, is a private citizen of Tennessee.

3) Defendant AARON ROCHELLE is a trooper of the Tennessee Highway Patrol. But to be clear, he is sued individually.

1

## FACTUAL BACKGROUND

4) On August 4-5, 2024 (at roughly midnight), Plaintiff TYRONE PARKS was traveling the roadways of Marshall County, Tennessee when he came to an intersection with a four-way stop sign, and he made a turn.

5) Also approaching the intersection from his right was State Trooper AARON ROCHELLE.

6) After PARKS turned left, Trooper ROCHELLE promptly pulled him over.

7) According to his statements on scene, the trooper stopped PARKS because he had somehow "swerved" while turning.

8) While the Plaintiff cannot be sure what this comment even means, suffice to say that swerving while turning would not violate the law, anyway.

9) According to the written charges, the trooper also claimed that PARKS failed to maintain his lane of travel.

10) In reality, though, PARKS was turning *left*, not staying within a lane. In essence, he had no lane even to maintain. Moreover, the officer stopped him within a very short distance of his having left the intersection. After getting onto the new road, PARKS would not have even had time to veer from the lane.

11) Regardless, the trooper stopped PARKS. And despite not smelling any alcohol, he directed PARKS to perform some field sobriety tests.

12) On information and belief, PARKS performed well on the tests.

13) In any event, PARKS was not intoxicated.

14) Despite possessing no evidence of intoxication, the trooper arrested PARKS for Driving Under the Influence — as well as for Failure to Maintain Lane.

15) As a result, PARKS spent hours in jail.

16) PARKS wound up missing work — both the night of the arrest, and for later court appearances — having to spend money on incidental and legal expenses, and suffering embarrassment and emotional distress.

17) Pursuant to the arrest, the officer had PARKS's blood tested.

18) Alcohol and blood testing later revealed that that the blood was fully clean.

19) In the end, the criminal charges were dismissed.

20) The trooper committed the wrongdoing charged here in an intentional, malicious, and/or wanton fashion, so as to justify punitive damages.

21) At all times relevant, the trooper was acting under color of law as a law enforcement officer.

## JURISDICTION

22) The Court has subject-matter jurisdiction according to 28 U.S.C. § 1331 because this case involves a federal question, namely a claimed violation of the federal civil rights statute.

23) The Court has personal jurisdiction because the Defendant is a citizen of Tennessee, or else has sufficient contacts with this state that traditional notions of fair play allow for jurisdiction in Tennessee.

24) Venue is proper in the Middle District of Tennessee (Columbia Division) because the arrest and prosecution took place in Marshall County, Tennessee.

## CLAIMS FOR RELIEF

### COUNT I

### UNREASONABLE SEIZURE

### 42 U.S.C. § 1983

25) The other sections are incorporated by reference.

26) By stopping the Plaintiff without probable cause or even reasonable suspicion, Defendant AARON ROCHELLE committed false arrest in violation of the Fourth Amendment. He did so under color of law.

27) By arresting and prosecuting the Plaintiff, thereby resulting in his seizure without probable cause (and with the charges later dismissed), Defendant ROCHELLE committed false arrest and malicious prosecution in violation of the Fourth Amendment. He did so under color of law.

4

## **RELIEF SOUGHT**

PREMISES CONSIDERED, the Plaintiff prays for the following:

i) A jury trial;

ii) Compensatory damages of $75,000;

iii) Punitive damages of another $75,000;

iv) Reasonable attorney's fees, per 42 U.S.C. § 1983; and

v) Any other relief that the Court finds proper, including but not limited to taxatinon of costs to the Defendant.

                Respectfully submitted,

                /s/ Drew Justice
                Drew Justice #29247
                Attorney for Tyrone Parks
                1902 Cypress Drive
                Murfreesboro, TN 37130
                (615) 419-4994
                drew@justicelawoffice.com